UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02151-FWS-ADS                                                    Date: February 3, 2025
Title: Khadijeh Khadem v. United States Citizenship and Immigration Services *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                  Attorneys Present for Defendants:

Not Present                                                                            Not Present

**PROCEEDINGS: ORDER TO SHOW CAUSE RE DISMISSAL FOR FAILURE TO PROSECUTE**

On October 4, 2024, Plaintiff Khadijeh Khadem ("Plaintiff") filed the Complaint alleging Defendants United States Citizenship and Immigration Services ("USCIS"), David Radel, and Alejandro Mayorkas (collectively, "Defendants") violated the Administrative Procedure Act, 5 U.S.C. § 706(1), by failing to timely adjudicate her asylum application. (Dkt. 1.) Plaintiff seeks a writ of mandamus and injunctive relief compelling Defendants to adjudicate her asylum application. (*See id.*, Prayer for Relief).

On January 6, 2025, Plaintiff filed five proofs of service indicating Defendants were served by mailing a copy of the Summons and Complaint to the Los Angeles Asylum Office, the Office of Chief Counsel for USCIS, and the Office of General Counsel for the United States Department of Homeland Security on November 1, 2024. (Dkts. 17-21.) The same day, the court issued an Order to Show Cause why this action should not be dismissed for lack of prosecution because Plaintiff "filed a proof of service, yet the deadline for Defendant to respond to the Complaint has passed and Plaintiff has taken no action." (Dkt. 22.) The court stated Plaintiff could discharge Order to Show Cause by requesting an entry of default, stipulating to extend Defendants' time to respond to the Complaint, or filing a notice of voluntary dismissal as to all Defendants by January 23, 2025. (*Id.*)

On January 23, 2025, Plaintiff requested that the clerk enter default against Defendants. (Dkt. 23.) The clerk denied Plaintiff's request for entry of default for insufficient proof of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02151-FWS-ADS                        Date: February 3, 2025
Title: Khadijeh Khadem v. United States Citizenship and Immigration Services *et al.*

service on January 29, 2025. (Dkt. 24.) The Notice of Deficiency states: "Service is NOT complete until the requirements are filed with a completed return of service of registered or certified mail indicating that the mail was received" and that "the stamp received on the return receipt doesn't reflect the office who stamped or received the documents." (*Id.*)

Under Federal Rule of Civil Procedure 4(i), to serve a United States agency or employee sued only in their official capacity, "a party must serve the United States **and** also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) (emphasis added). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

In this case, the court finds Plaintiff's proofs of service are insufficient because: (1) she has not filed proof of service demonstrating she served the United States by delivering a copy of the Summons and Complaint to the United States attorney for the Central District of California or the Attorney General of the United States under Rule 4(i)(1); and (2) she has failed to demonstrate that she served Defendants via registered or certified mail as required by Rule 4(i)(2). *See, e.g.*, *Zavala v. Jaddou*, 2023 WL 2731696, at *1-2 (C.D. Cal. Jan. 17, 2023)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02151-FWS-ADS | Date: February 3, 2025 |
| Title: Khadijeh Khadem v. United States Citizenship and Immigration Services *et al.* | |

___

(dismissing action without prejudice for failure to effect service because the petitioner did not serve the Attorney General and civil process clerk for the United States Attorney's Office by registered or certified mail); *Magana v.U.S. Citizenship & Immigr. Serv.*, 2019 WL 12377736, *1 (C.D. Cal. June 14, 2019) (dismissing action without prejudice due to insufficient service because the petitioner "had made the earlier service attempt by first class mail rather than by registered or certified mail" and "[p]etitioner had not attempted to serve the Attorney General and the United States Attorney").

Accordingly, because Plaintiff has not provided adequate proof of service within ninety days of filing the Complaint, Plaintiff is again **ORDERED TO SHOW CAUSE** in writing by **February 17, 2025**, why this case should not be dismissed for failure to prosecute. Plaintiff may discharge the Order to Show Cause by filing proof of service demonstrating that Plaintiff has served the United States and Defendants in accordance with Federal Rule of Civil Procedure 4(i) or seeking other appropriate relief. Failure to discharge the Order to Show Cause **will** result in dismissal for failure to prosecute and/or comply with court orders. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

___